TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Dawn French

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn French, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Capital One Auto Finance, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Dawn French, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendant in its illegal attempts to contact Plaintiff.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Dawn French (hereafter "Plaintiff"), is an adult individual residing at 1441 East Princeton Avenue, Gilbert, Arizona 85234, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Capital One Auto Finance, Inc. (hereafter "Capital One"), is a company with an address of 1680 Capital One Drive, McLean, Virginia 22102, and is a "person" as defined by 47 U.S.C. § 153(10).

**FACTS**

6. Within the last year, Capital One placed multiple calls to Plaintiff's cellular telephone [480-294-XXXX].

7. At all times mentioned herein, Capital One called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When Plaintiff answered the calls from Capital One, she would hear a prerecorded message.

9. Often times, Plaintiff would wait on the phone for long periods of time to speak with a live person; however, Capital One would disconnect the calls.

10. At all times, Capital One placed calls in attempts to collect on an automobile loan debt. On one occasion, when Plaintiff got through to a live person, she informed Capital One that she could not take their calls while at work and requested that Capital One cease all calls to her cellular telephone during work hours.

11. Thereafter, Plaintiff made additional requests to Capital One to cease all calls to her cellular telephone, none of which were heeded or honored by Capital One.

12. Despite Plaintiff's repeated requests, Capital One continued to place calls to Plaintiff's cellular telephone.

13. Upon information and belief, Plaintiff never provided her consent to Capital One to be contacted on her cellular telephone.

3

14. If at one time Capital One had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

# COUNT I

# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein, Capital One called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of

time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18. Capital One's telephone systems have all the earmarks of a predictive dialer.

19. When Plaintiff answered Capital One's telephone calls, she would hear a prerecorded message.

20. Often times when Capital One called Plaintiff, the phone would ring only one or two times, and then Capital One's telephone system would abandon the call before Plaintiff could answer.

21. Upon information and belief, Capital One's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Capital One on multiple occasions to stop all calls to her cellular telephone during work hours.

23. Capital One continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that she could not take calls while at work and after knowing that there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

5

24. The telephone number called by Capital One was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. The calls from Capital One to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. Each of the aforementioned calls made by Capital One constitutes a violation of the TCPA.

27. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

6

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Arizona state law.

32. Capital One intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

33. The telephone calls made by Capital One to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

34. The conduct of Capital One in engaging in the illegal calling activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

36. All acts of Capital One were committed with malice, intent, wantonness, and recklessness, and as such, Capital One is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Capital One as follows:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    C. Actual damages from the Defendant for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

    D. Punitive damages; and

    E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 15, 2014               LEMBERG LAW, LLC

                                                 By:  */s/  Trinette G. Kent*
                                                 Trinette G. Kent

                                                 Attorney for Plaintiff,
                                                 Dawn French